J-A02017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHANIE J. STOUT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK T. STOUT | : | |
| | : | |
| Appellant | : | No. 1104 MDA 2018 |

Appeal from the Decree Entered June 8, 2018
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2015-20051

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 25, 2019**

Appellant, Mark T. Stout ("Husband"), appeals from the June 8, 2018 Divorce Decree which, *inter alia,* provided for the equitable distribution of the marital assets of Husband and Appellee, Stephanie J. Stout ("Wife"), and ordered Husband to pay Wife $1,800 per month in alimony for the next seven years.  After careful review, we affirm in part and vacate in part.

The relevant factual and procedural history is as follows.  Husband and Wife were married on October 8, 2008, which was a second marriage for Wife and a third marriage for Husband.  The couple was married for approximately seven years until they separated on January 21, 2015.  Wife filed a Complaint in Divorce shortly thereafter on February 2, 2015.  Husband and Wife are both approximately 64 years old and do not have any children together.

Wife has a Bachelor's Degree in Psychology and a certification in events planning.  Since 2010, wife has worked at the front desk of a hotel and earns

approximately $10.50 per hour for an annual salary of approximately $21,000. Prior to the marriage, Wife was employed as an event planner by the Automobile Dealers Association with an annual salary of $65,000. Wife currently has several health issues including fibromyalgia, chronic arthritis, and gastroesophageal reflux disease that affect her ability to work certain jobs, including event planning.

Husband has a Bachelor's Degree in Social Science, Sociology and Psychology and an Associate's Degree in Clinical Health Services. For the past ten years, Husband has worked in the Radiation Oncology Department of the Penn State Milton S. Hershey Medical Center where his salary has increased steadily from approximately $87,000 in 2011 to approximately $127,000 in 2016. Husband is generally in good health, but did suffer one heart attack in the past.

The marital property is comprised, *inter alia*, of a few vehicles, checking and savings accounts, some personal property, retirement funds, some marital debt, and the marital residence valued at approximately $400,000, with a net value of approximately $154,000.

On December 15, 2017, after a Special Master's Hearing, the Master filed a Report and Recommendation that recommended, *inter alia*, awarding Wife 55% and Husband 45% of the marital property, granting Wife's request for alimony, and ordering Husband to pay Wife $1,800 per month in alimony for an unlimited duration. The Master calculated the $1,800 per month alimony award based on the Pennsylvania Support Guidelines formula.

Husband filed timely Exceptions to the Report, averring, *inter alia*, that the Master erred 1) in awarding alimony, and 2) in including all of the equity in the marital residence as marital property for equitable distribution purposes. Wife filed also filed timely Exceptions to the Report.

On June 8, 2018, after reviewing briefs and hearing argument, the trial court entered a Final Decree in Divorce, which granted in part Husband's Exceptions, granted in part Wife's Exceptions and, *inter alia*, awarded Wife 55% and Husband 45% of the marital property and ordered Husband to pay Wife alimony in the amount of $1,800 per month for a duration of seven years.

Husband timely appealed. Both Husband and the trial court complied with Pa.R.A.P. 1925.

Husband raises the following issues on appeal:

1. Whether the trial court erred as a matter of law and/or abused its discretion by failing to provide [Husband] with sufficient equity with regards to the marital residence in order to compensate him for his substantial pre-marital contribution towards the purchase of the marital residence, when fashioning the award of equitable distribution in this matter.

2. Whether the trial court erred as a matter of law and/or abused its discretion by failing to equitably reimburse [Husband] for the use of substantial pre-marital funds that he used from the sale of his pre-marital residence towards the purchase of the marital residence in this matter.

3. Whether the trial court erred as a matter of law and/or abused its discretion by directing that [Husband] should not receive additional equity from the marital residence, in terms of the award of equitable distribution, based on the depreciation in [Husband]'s self-directed IRA account, as the record in this matter does not establish (1) that the loss was with regards to any marital portion of a pre-marital asset, and (2) that the loss was due to Defendant's actions.

- 3 -

4. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony in the amount of [$1,800] per month for a period of seven (7) years, in light of the fact that Husband has already paid Wife spousal support in excess of [$2,100] per month for a period in excess of three (3) years.

5. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony which is punitive in nature, particularly in light of the short duration of the parties' marriage, and would result in Husband paying spousal support/alimony to Wife for a total of more than ten (10) years after only a six (6) year marriage.

6. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony based upon facts of record in this matter regarding the factors to be considered by the trial court under 23 Pa.C.S. § 3701(b).

7. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony, as Wife failed to show actual need.

8. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony, which amount appears to be arbitrary in nature, as the trial court offers no explanation as to why that particular amount was awarded, or any calculation or analysis of Wife's actual need.

9. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony without considering Wife's individual assets (including her individual retirement benefits), which Wife could use to supplement her income to supplement her wages, [*sic*] in order to pay her monthly expenses.

10. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony based in part upon Wife's health, despite the lack of any evidence, medical or otherwise, regarding limitations upon Wife's ability to work, or even testimony from Wife herself that she was in any way limited in her ability to work.

11. Whether the trial court erred as a matter of law and/or abused its discretion by directing Husband to pay Wife alimony without considering whether or not Wife was earning a

- 4 -

sufficient amount to meet her reasonable needs, in light of her individual earning capacity.

12.    Whether the trial court erred as a matter of law and/or abused its [discretion] by failing to afford proper consideration to Husband's regular and ongoing religious and charitable contributions, when discussing the factors to be considered in cases involving a claim for alimony, as Husband has a fundamental right to express himself through religious contributions under the rights afforded him by the United States Constitution and the First Amendment.

13.    Whether the trial court erred as a matter of law and/or abused its discretion by directing that Husband refinance the mortgage and other loans associated with the marital residence to have Wife's name removed, as Wife is not legally or contractually obligated on either the mortgage or other loans associated with the marital residence, and therefore, it is not necessary that these obligations be refinanced to have her name removed.

Husband's Br. at 6-8 (reordered for ease of disposition; some capitalization omitted).

It is well settled that a trial court "has broad discretion when fashioning an award of equitable distribution." *Brubaker v. Brubaker*, 201 A.3d 180, 184 (Pa. Super. 2018) (citation omitted). We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. *Id.* We will not find an abuse of discretion "unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." *Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017).

When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic

justice between the parties and achieving a just determination of their property rights." ***Hayward v. Hayward***, 868 A.2d 554, 558 (Pa. Super. 2005) (citation omitted). When determining the propriety of an equitable distribution award, this Court must consider the distribution scheme as a whole. ***Mundy v. Mundy***, 151 A.3d 230, 236 (Pa. Super. 2016). "We do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole in light of the court's overall application of the 23 Pa.C.S.[] § 3502(a) factors for consideration in awarding equitable distribution. If we fail to find an abuse of discretion, the order must stand." ***Harvey v. Harvey***, 167 A.3d 6, 17 (Pa. Super. 2017) (citation and internal brackets omitted). Further, "it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." ***Brubaker***, 201 A.3d at 184 (citation omitted).

In his first three issues, Husband challenges the trial court's equitable distribution scheme, specifically averring that the trial court abused its discretion when it failed to reimburse Husband for his substantial monetary contribution to the acquisition of the marital home. Husband's Br. at 8. Husband concedes that the home is marital property for purposes of equitable distribution. Husband's Br. at 45. However, Husband argues that because he used pre-marital funds from the sale of his pre-marital home as a contribution towards the purchase of the marital home, the marriage was short, and he

made a monetary contribution toward Wife's pre-marital debt, the trial court should have awarded him all or most of the equity in the marital residence for purposes of equitable distribution. Husband's Br. at 40-44. Husband also asserts that the record does not support the trial court's finding that Husband "caused a significant depreciation in the marital assets" with his investment decisions, which the trial court balanced against his contribution to the marital home when fashioning an equitable distribution scheme. Trial Ct. Op., filed 6/8/18, at 4. **See** Husband's Br. at 47.

"In making its decision regarding equitable distribution, the trial court must consider at least the eleven factors enumerated in 23 Pa.C.S.[] § 3502(a)." **Isralsky v. Isralsky**, 824 A.2d 1178, 1191 (Pa. Super. 2003). However, there is no standard formula guiding the division of marital property and the "method of distribution derives from the facts of the individual case." **Wang v. Feng**, 888 A.2d 882, 888 (Pa. Super. 2005) (citation omitted). While the list of factors in Section 3502 serves as a guideline for consideration, the list is "neither exhaustive nor specific as to the weight to be given the various factors." **Id.** (citation omitted). Accordingly, "the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions." **Id.** (citation omitted).

The Divorce Code provides, *inter alia*, that "[u]pon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such

manner as the court deems just after considering all relevant factors." 23 Pa.C.S. § 3502(a). Section 3502(a) sets forth numerous factors for the court to consider in fashioning an equitable distribution award, including Factor 7, the "contribution or dissipation of each party in the acquisition, preservation, depreciation, or appreciation of the marital property[.]" 23 Pa.C.S. § 3502(a)(1),(7).

Our review of the record reveals that the trial court considered the Section 3502(a) factors when fashioning its equitable distribution award, and found several factors to "weigh considerably in favor of a greater distribution to [Wife,]" including "the difference in income between the parties, [Husband]'s far greater opportunity for the future acquisition of capital assets and income, [Husband]'s access to superior medical, retirement, and insurance benefits, [Husband]'s handling of marital assets during the marriage, and the general state of [Husband]'s financial circumstances." Trial Ct. Op. at 11. In its consideration of Factor 7, *supra*, the trial court balanced Husband's "contribution" to the marital estate when he made a down payment of $160,000 towards the marital home against Husband's "dissipation" of the marital estate by withdrawing approximately $170,000 in funds from his 401k to invest in a self-directed IRA in precious metals, which lost approximately $136,000. The record supports the trial courts findings and we discern no abuse of discretion.

As stated above, there is no standard formula guiding the division of marital property and a trial court has "flexibility of method" when making its

determination "from the facts of the individual case." *See Wang*, 888 A.2d at 888. Moreover, we will not "find a basis for reversal in the court's application of a single factor[;]" rather, we look at the distribution as a whole in light of the court's overall application of the Section 3502 factors. *See Harvey*, 167 A.3d at 17.

The trial court's decision to effect economic justice by declining to reimburse Husband for his contribution to the marital home does not constitute an abuse of discretion. The trial court engaged in a proper analysis of the Section 3502 factors, including a review of the contribution and dissipation of each party to the value of marital property, when making a determination that dividing the marital estate 55% in favor of Wife and 45% in favor of Husband achieves a goal of effecting economic justice between the parties. Accordingly, Husband is not entitled to relief on his first three issues.

In his next eight issues, Husband challenges the trial court's alimony award, which requires him to pay $1,800 per month to Wife for the next seven years. Husband's Br. at 6-7. Husband argues that the duration of the award is excessive, and that the award is punitive and arbitrary in nature. *Id.* at 14-24. Husband contends that the facts in the record regarding Wife's earning capacity, actual need, and assets do not support an award of alimony. *Id.* at 25-36. Husband also asserts that the trial court improperly determined that Wife had health and work limitations without evidence in the record to support its conclusions. *Id.* at 37.

We review alimony awards for an abuse of discretion. ***Dalrymple v. Kilishek***, 920 A.2d 1275, 1278 (Pa. Super. 2007). "Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court." ***Id.*** (citation omitted).

Section 3701 of the Divorce Code provides, *inter alia*, that when a trial court determines "whether alimony is necessary" and "the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors," including the seventeen factors prescribed in 23 Pa.C.S. § 3701(b)(1)-(17). 23 Pa.C.S. § 3701. The purpose of alimony is not to reward or punish the parties, but rather "to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." ***Isralsky***, 824 A.2d at 1188 (citation omitted). "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." ***Id.*** (citations omitted). "Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution." ***Balicki v. Balicki***, 4 A.3d 654, 659 (Pa. Super. 2010).

In this case, the trial court evaluated the Section 3701 factors and placed significant importance on the relative earning capacities of the parties, sources of income, duration of the marriage, relative assets and liabilities,

relative needs of the parties, Wife's lack of sufficient property, and Wife's inability to self-support through appropriate employment to determine that an award of alimony was necessary. *See* Trial Ct. Op. at 24-25.

The trial court opined:

> The parties have been married for nine years and were together for seven years prior to the separation. Furthermore, this was the second marriage for [Wife] and the third marriage for [Defendant]. [Wife] does suffer from various medical conditions that render her work capacity limited and her age likely, though not completely, restricts her ability to train in a new field. The fact that [Wife] has worked substantially in her current capacity throughout the marriage weighs in favor of awarding alimony. Likewise, the relative resources and property available to the parties tips toward awarding alimony. However, the length of marriage, the property that the parties brought to the marriage, the education of the parties and the property to be distributed weigh in favor of limiting the alimony to a defined period of time.

*Id.* at 25. After considering the equitable distribution award and determining that alimony was necessary, the trial court awarded Wife $1,800 per month in alimony for a period of seven years. *Id.* Our review of the record supports the trial court's findings and we find no abuse of discretion.

In Husband's twelfth issue, he asserts that the trial court abused its discretion by failing to afford proper consideration to Husband's regular and ongoing religious and charitable contributions, interfering with his "First Amendment Rights of Religious Freedom and Expression[.]" Husband's Br. at 38.

In presenting this argument, Husband does not cite any legal authority or engage in any constitutional analysis to support his argument. Because

this argument is underdeveloped, we are unable to conduct meaningful review. Accordingly, this issue is waived. **See** Pa.R.A.P. 2119 (describing briefing requirements); **Hayward**, 868 A.2d at 558 (finding that husband waived issue when he failed to cite pertinent authority and engage in a specific discussion of error).

In Husband's last issue, he avers that the trial court erred when it ordered him to refinance the marital home to have Wife's name removed from the mortgage. Husband's Br. at 38-39. Husband asserts that Wife's name does not appear on the mortgage or the home equity loan, which our review of the record confirms. **Id.**; **see** Mortgage Statement, Exhibits 52-53; Home Equity Loan Statement, Exhibit 58. Accordingly, we vacate the portion of the June 8, 2018 Decree that states, "Within eighteen months, Husband shall refinance marital home in order to remove Wife's name from the mortgage." Decree, 6/8/18, at ¶ k.

Decree affirmed in part and vacated in part.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2019

- 12 -